Barnard, J.
With the findings of the jury specially made in answer to questions put by the court, this case is very plain. The plaintiff framed his complaint to recover two sums of money, one of §500, and one of sixty dollars, as for money lent. The answer states that the money was not loaned but advanced under an agreement that it should be used in obtaining a patent for an improvement upon certain kinds of chairs. That after the patent was obtained the agreement between the parties was that they were to manufacture chairs and that each was to have half the profits derived therefrom.
The first complication in the case arises from the fact that the defendant was a partner in the chair business with one Chichester. The evidence showed, or tended to show, that the agreement with the plaintiff was with Odell, and that the use of the name of Chichester & Odell was used on account of the extensive influence which would result from the name of Chichester, who was a well known chair maker. The plaintiff requested the court to charge "that Partridge and Odell were not partners in business, between the parties to this action,” and it was so charged. The case was thus simplified first as to an issue *766 whether the complaint or the answer was the true narrative of the contract between the parties.
The plaintiff testified that it was a loan Only. The defendant testified that the money was advanced under an agreement to manufacture chairs and each was to receive one-half of the profits. The plaintiff’s half was sufficient to pay the note and more. The case upon this point is strongly in favor of tjie defendant. The elaborate accounts printed in the case do not harmonize with the plaintiff’s statement that thtere was no agreement to manufacture at the date of the advance. The parties subsequently acted as if there was such an agreement. There is very little testimony in the case outside of that of the parties, besides their course of business subsequently to the contract.
The court erred in not directing the jury that as to the counter-claim the burden of proof was on the defendant as to the profits and commissions. The defendant set up in his answer that he sold goods for the plaintiff to the amount of $5,000, at an agreed price of ten per cent commission. The plaintiff in his reply admitted the sale on commission, but stated that the amount sold was not over $2,000, and that the agreed price was five per cent. The jury have found the amount sold to be $4,000, and the rate of the commission to be ten per cent. The instruction asked for was upon this question vital. Although the evidence is abundantly sufficient to sustain the verdict as found if the correct rule had been given it cannot be assumed that the finding would have been made with the true rule. The litigation has been a severe one and the amount as affected by this charge is small. If the plaintiff will stipulate that the verdict be so modified as to represent the plaintiffs understanding of the evidence no harm will result to the plaintiff.
The judgment should be set aside and a new trial granted, with costs to abide event, unless the plaintiff stipulate to reduce the verdict of $400 to a verdict of $100, in which case the judgment will be affirmed as modified, without costs to either party on this appeal.
Dvkman and Otjllen, JJ., concur.